1  Chad Freebourn, WSBA# 35624
2  Roberts | Freebourn, PLLC
   1325 W. 1st Ave., Ste. 303
3  Spokane, WA 99201
4  Telephone: 509-381-5262
   Attorneys for Plaintiff
5
6  Josh Maurer, WSBA #39353
   Maurer Law
7  1604 W. Dean
8  Spokane, WA  99201
9  Telephone: 509-838-9111
   Attorneys for Plaintiff
10
11
12
                 IN THE UNITED STATES DISTRICT COURT
13        FOR THE EASTERN DISTRICT OF WASHINGTON
14

15  ESTATE of CHRIS ROGERS, by and
16  through personal representative
    STEVEN ROGERS,
17                                              Cause No.:
                    Plaintiff,
18
19  vs.                                         COMPLAINT FOR DAMAGES

20  COUNTY OF SPOKANE; and                      Demand For Jury Trial
21  NAPHCARE, INC., an Alabama
22  corporation,

23              Defendants.
24

25

COMPLAINT FOR DAMAGES - 1            ROBERTS | FREEBOURN, PLLC
                                        1325 W. 1st Ave., Ste. 303
                                           Spokane, WA 99201
                                             (509) 381-5262

Plaintiff Steven Rogers as personal representative for the Estate of Chris Rogers, by and through the attorneys of record Chad Freebourn of Roberts | Freebourn, PLLC and Josh Maurer of Maurer Law, allege as follows:

## I.    **PARTIES**

1.    At all times relevant herein, Plaintiff Chris Rogers was a resident of the County of Spokane, State of Washington.

2.    At all times relevant herein, Personal Representative Steven Rogers was and is a resident of the County of Spokane, State of Washington, and was properly appointed as the Personal Representative pursuant to Order of the Spokane County Superior Court in Cause No. 20-40038-1-32. Plaintiff Rogers brings this action as the Personal Representative for the benefit of Chris Rogers' estate and all beneficiaries entitled to recovery pursuant to the wrongful death, survival and personal injury laws of the State of Washington, including but not limited to, RCW 4.20.010, RCW 4.20.020, RCW 4.20.046, and RCW 4.20.060, or under any body of foreign law of damages or the rules applicable to these claims.

COMPLAINT FOR DAMAGES - 2

3.    At all times relevant herein, Defendant County of Spokane is a County in the State of Washington, operating Spokane County Detention Services and the Spokane County Public Defender's Office in the County of Spokane, State of Washington.    Under the doctrine of *respondeat superior* is liable for the conduct of its employees, which at all times relevant herein were acting within the course and scope of their employment with the County of Spokane.

4.    At all times relevant herein, Defendant NaphCare, Inc. ("NaphCare"), foreign corporation existing under the law of the State of Alabama in good standing, duly licensed and conducting business in the State of Washington, County of Spokane.    NaphCare contracted with the County of Spokane to provide medical and mental health services for detainees, and was acting under the color of state law.    Under the doctrine of *respondeat superior* is liable for the conduct of its employees, which at all times relevant herein were acting within the course and scope of their employment with the County of Spokane.

## II.    JURISDICTION AND VENUE

COMPLAINT FOR DAMAGES - 3

5.    This Court has jurisdiction over Plaintiff's claims under the Fourteenth Amendment of the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. §§ 1983 and 1998, and 28 U.S.C. §§ 1331, 1343, et seq.

6.    Plaintiff's state and federal claims arise from a common nucleus of operative facts; therefore, this Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

7.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as a substantial part of the events or omissions giving rise to this controversy and the underlying suit occurred in this District under 28 U.S.C. § 1391(b)(2).

8.    On June 1, 2020, in compliance with RCW 4.96.et al., Plaintiff properly submitted a tort claim to the County of Spokane, and more than 60-days has passed.

### III.    FACTS

9.    On November 28, 2017, Plaintiff was detained by Spokane County Sherriff's Office for an allegation of Robbery in the 1st Degree, Assault in the 2nd Degree, Theft of a Motor Vehicle and Hit and Run Unattended.

COMPLAINT FOR DAMAGES - 4

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

10. On November 29, 2017 Pre-Trial Services for Spokane County submitted a report that Plaintiff had mental health concerns, was prescribed medications for those concerns and there was a 'mental health hold' from Frontier Behavior Health.

11. On November 29, 2017 at 1:39 p.m. medical staff at the Spokane County Jail noted that Plaintiff had suicidal statements to law enforcement.

12. Spokane County contracts with NaphCare to provide provisional medical care and mental health care to inmates held at the Spokane County Jail.

13. NaphCare is a corporation, based out of Alabama that provides 'Correctional Healthcare' in correctional facilities around the United States of America.

14. At all times relevant here NaphCare was treating the Plaintiff Chris Rogers while he was an inmate in the care and custody of the Spokane County Jail.

COMPLAINT FOR DAMAGES - 5

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

15. While detained at the Spokane County Jail, and in the custody and care of NaphCare, medical and mental health care records were reviewed and prepared in relation to the Plaintiff.

16. On November 29, 2017 at 1:00 a.m. when the Plaintiff was asked whether "Inmate agrees to contact for safety and will notify staff if they plan to act on suicidal thoughts or impulses," the Plaintiff indicated to the staff 'No.'

17. On November 29, 2017 at 7:08 p.m. medical staff at the Spokane County Jail noted that Plaintiff was "voicing current or recent suicidal thoughts" and "Past suicide attempts, strong plans, or treatment for attempts."

18. On November 29, 2017, medical staff noted that Plaintiff received medication, via injection, for schizophrenia, but could not remember the name of the medication.

19. The Plaintiff was removed from suicide watch at 10:39 a.m. on November 29, 2017, just 8 hours after being placed on watch. According to that same record on November 29, 2017 when the Plaintiff was asked "Inmate agrees to contact for safety and will notify

COMPLAINT FOR DAMAGES - 6

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

staff if they plan to act on suicidal thoughts or impulses," the Plaintiff indicated to the staff 'No.'

20.    The medical staff noted that the Plaintiff had a previous suicide attempt, by hanging, in 2014.

21.    On November 29, 2017 the Spokane County Public Defender's Office entered a 'Temporary Notice of Appearance' on behalf of the Plaintiff. According to jail records, no one from the Public Defender's Office met with the Plaintiff prior to the first appearance.

22.    On November 29, 2017 Plaintiff had a first appearance in Spokane County Superior Court where a bond was imposed detaining the Plaintiff.

23.    Seven days after the Plaintiff's first appearance, A Notice of Appearance was entered on behalf of counsel from the Spokane County Public Defender's Office.

24.    Plaintiff received one visit from Frontier Behavioral Health on December 5, 2017 for 15 minutes.

COMPLAINT FOR DAMAGES - 7

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

25.    Between November 30, 2017 and December 8, 2017 Plaintiff called the Public Defender's Office five times. Each time the Plaintiff hung up after a minute or two.

26.    On December 8, 2017 counsel from the Public Defender's Office met with the Plaintiff for 15 minutes.

27.    On December 11, 2017 an Order was entered on behalf of the Plaintiff for a competency evaluation to be completed by Eastern State Hospital.

28.    On December 13, 2017 a doctor from Eastern State Hospital and counsel from the Public Defender's Office met in a visitation booth at the Spokane County Jail to conduct the competency evaluation.

29.    Between December 13, 2017 and December 22, 2017 Plaintiff called the Spokane County Public Defender four times; twice the call was not accepted by the Public Defender's Office and twice the Plaintiff hung up.

30.    On December 20, 2017, the Plaintiff again told medical staff that he was having thoughts of self-harm and "the voices also tell him to kill himself."

COMPLAINT FOR DAMAGES - 8

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

31.  On Friday December 22, 2017 the doctor from Eastern State Hospital submitted a report regarding the competency of the Plaintiff. This report was submitted electronically to the parties and the Court.

32.  On Friday December 22, 2017 Plaintiff called the Public Defender's Office at 2:54 p.m. and that call was not accepted by the Public Defender's Office. At 2:56 p.m. the Plaintiff called back to the Public Defender's Office and the Plaintiff hung up.

33.  On December 22, 2017 at around 7:50 p.m. the Plaintiff was placed in a restraint chair where his arms and legs were restrained by detention staff after the Plaintiff was found with a towel that was tied around his neck.

34.  On December 22, 2017 when the Plaintiff was asked "Inmate agrees to contact for safety and will notify staff if they plan to act on suicidal thoughts or impulses," the Plaintiff indicated to the staff 'No.' Additionally, the Plaintiff was put on mental health watch with a suicide gown and a mattress.

35.  On December 23, 2017 at 11:25 a.m. the Plaintiff was removed from suicide watch despite after again being asked "Inmate agrees to contact

COMPLAINT FOR DAMAGES - 9

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

for safety and will notify staff if they plan to act on suicidal thoughts or impulses," the Plaintiff indicated to the staff 'No.'

36.  Between December 22, 2017 and January 3, 2018, the Plaintiff called the Public Defender's Office six times, with no call lasting more than three minutes.

37.  The last phone call made from Plaintiff was at 10:12 a.m. on January 3, 2018 to the Public Defender's Office. This call lasted two minutes, and the Plaintiff hung up. Thereafter, Plaintiff was found hanging in his cell deceased at 11:05 a.m.

38.  Between December 13, 2017 and January 3, 2018, the Plaintiff had no visits from the Public Defender's Office.

39.  On information and belief, the County of Spokane Public Defender Office has not implemented and does not employ a "case weighting" pursuant to the Standards for Indigent Defense.

40.  On information and belief, in the year of 2017 the County of Spokane Public Defender Office employed a practice of "holding cases," wherein cases were not assigned to an attorney because the attorney had reached the maximum number of assigned cases in a month.

COMPLAINT FOR DAMAGES - 10

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

41.    On information and belief, in 2017, the County of Spokane Public Defender Office did not have policies, procedures, practices or training to address clients who have known mental health disorders, and did not employ or utilize a social worker, mental health professional, or other person experienced with client needs.

42.    On information and belief, Plaintiff's case was not assigned as a result of caseload standard limitations, and no one from the County of Spokane Public Defender Office was actively monitoring mental health status of the Plaintiff.

43.    NaphCare never adequately evaluated Plaintiff for mental health issues, even though it had adequate time to do so and reason to do so as the medical records and history showed Plaintiff suffered from mental health issues.

44.    Because NaphCare never conducted an adequate evaluation and never provided treatment to Plaintiff, no individualized treatment plan was developed for Plaintiff.

COMPLAINT FOR DAMAGES - 11

45.    On information and belief NaphCare never met with Plaintiff in a clinical setting or provided any adequate assessment when Plaintiff clearly suffered from a mental health condition.

46.    Plaintiff required acute mental health care and medication to control and/or alleviate his mental health issues, and neither NaphCare nor the County of Spokane provided necessary medical care, failed to administer necessary medication, failed to transfer Plaintiff to an adequate medical facility.

47.    The Defendants County of Spokane and NaphCare were not aware of, chose not to follow, and/or were not properly trained on County of Spokane and NaphCare's existing policies and procedures, which caused the damages suffered by the Plaintiff.

48.    County of Spokane and NaphCare failed to implement policies, procedures, practices, and provide adequate training for treating and caring for mental health issues, and failed to follow existing written policies.

COMPLAINT FOR DAMAGES - 12

49.    County of Spokane and NaphCare failed to implement policies, practices, and training to assure that inmates receive necessary and proper medications.

50.    County of Spokane and NaphCare failed to implement policies, practices, and training to assure that inmates receive necessary medical care and medications in observable emergency situations and/or in observable situations requiring medical intervention.

51.    County of Spokane and NaphCare implement policies, procedures, and training to assure employees follow through with necessary care and medications when observable signs, indications and responses show the need for immediate medical intervention.

52.    County of Spokane and NaphCare failed to properly staff the Spokane County Jail so that inmates would receive necessary and required medical care, would not be ignored, and observable medical conditions were properly treated.

53.    County of Spokane and NaphCare failed to implement policies, practices, and training to initiate involuntary treatment proceedings for

COMPLAINT FOR DAMAGES - 13

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

inmates that have medical and mental health disorders, where such treatment is essential for their health and safety.

54. The above-stated failure to follow, implement, and/or deficiencies in policies, procedures, practices and training constituted gross negligence, negligence, and a deliberate indifference for Plaintiff's constitutional rights.

## IV.    CLAIMS

## CLAIM I
## NEGLIGENCE

55. Plaintiff incorporates by reference the above facts and paragraphs as if fully asserted herein.

56. Defendants County of Spokane and NaphCare owed a duty of care to Plaintiff not to cause unreasonable harm, to provide safe confinement conditions, to provide necessary medical care, and necessary medication.

57. County of Spokane and NaphCare have a duty to develop individualized treatment plans for inmates, they have a duty to maintain and follow a program to screen and evaluate inmates for

COMPLAINT FOR DAMAGES - 14

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

mental health conditions and to implement the necessary care and/or medications.

58. County of Spokane and NaphCare have a duty to provide current prescriptions and psychiatric medications to inmates requiring such medications and/or evaluate inmate for a new prescription without delay.

59. County of Spokane and NaphCare failed to provide necessary mental health care, failed to know Plaintiff's required medication, failed to provide Plaintiff's required medication, and failed to reduce Plaintiff's isolation to prevent deterioration of Plaintiff's known mental health condition.

60. Defendants County of Spokane and NaphCare breached the duty of care owed to the Plaintiff by failing to provide safe confinement conditions, provide necessary medical care, provide required medications, and enact policies, procedures, practices and provide training to prevent harm and ensure the duties were met.

COMPLAINT FOR DAMAGES - 15

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

61.   As a direct and proximate cause of the Defendants County of Spokane and NaphCare's breach of duties owed, the Plaintiff suffered harm resulting in death.

62.   Defendants County of Spokane and NaphCare are joint and severally liable for all damages resulting from its breach of duty, including but not limited to the death of the Plaintiff, in an amount to be proven at the time of trial.

**CLAIM II**
**NEGLIGENCE**

63.   Plaintiff incorporates by reference the above facts and paragraphs as if fully asserted herein.

64.   The Defendant County of Spokane owed a duty to the Plaintiff to assign, monitor, observe and facilitate the necessary mental health needs of the Plaintiff, who had a known mental health condition and known prior suicide attempts.

65.   Defendant County of Spokane maintained a practice to hold cases and not assign cases based upon caseload standards and case weighting, which prevented the Plaintiff's case from being adequately maintained and monitored.

COMPLAINT FOR DAMAGES - 16

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

66. County of Spokane breached the duty of care owed to the Plaintiff, and as a direct and proximate result of the breach of duty owed, the Plaintiff did not get the necessary mental health treatment and/or medications resulting in damages to the Plaintiff.

67. Defendant County of Spokane is liable for all damages caused as a result of its breach of duty owed to the Plaintiff in amount to be proven at the time of trial.

## CLAIM III
## DILIBERATE INDIFFERENCE – U.S.C.A § 1983

68. Plaintiff incorporates by reference the above facts and paragraphs as if fully asserted herein.

69. Defendants County of Spokane and NaphCare failed to train their employees, enact proper policy, procedures and practices to prevent harm to Plaintiff in violation of Plaintiff's rights under the Fourteenth Amendment.

70. All Defendants acted under the color of state law.

71. Defendants', County of Spokane and NaphCare, polices, procedures, practices and training were not adequate to prevent their employees to handle the usual and recurring situations with which they must

COMPLAINT FOR DAMAGES - 17

deal with inmates and clients who have mental health disorders,

conditions, and that require medical treatment, mental health

treatment, and/or medication.

72.    Defendants County of Spokane and NaphCare were deliberately

indifferent to the substantial risk that its policies, practices,

procedures, and training were inadequate to prevent violation of

Fourteenth Amendment rights and the known and obvious

consequences, including death, from its failure to train and enact

proper policies, practices, procedures, and training.

73.    The failure of Defendants County of Spokane and NaphCare to

provide proper training and enact proper policy, practices, and

procedures caused Plaintiff's Fourteenth Amendment right to be

violated, caused damages to Plaintiff, and ultimately resulted in the

death of Plaintiff.

74.    That is to say, Defendants', County of Spokane and NaphCare,

failure to prevent violations by its employees, to train and enact

policies, is so closely related to the violation of Plaintiff's rights and

was the moving force that resulted in Plaintiff's death.

COMPLAINT FOR DAMAGES - 18

## CLAIM IV
## CONFINMENT AND DENIAL OF MEDICAL CARE U.S.C. § 1983

75.    Plaintiff incorporates by reference the above facts and paragraphs as if fully asserted herein.

76.    Plaintiff has brought a claim under the Fourteenth Amendment and asserts Defendants County of Spokane and NaphCare failed to provide safe conditions of confinement and provide needed medical care.

77.    Defendants County of Spokane and NaphCare made the intentional decision regarding the conditions of confinement under which the Plaintiff was confined.

78.    The conditions of confinement put the Plaintiff at substantial risk of suffering serious harm, and death.

79.    The denial of medical treatment, failure to provide proper medication, put the Plaintiff at substantial risk of suffering serious harm, and death.

80.    Defendants County of Spokane and NaphCare did not take reasonable measures to abate or reduce the risk of serious harm, even

COMPLAINT FOR DAMAGES - 19

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

though a person under the circumstances would have understood the high degree of risk involved, making the consequences of the Defendants', County of Spokane and NaphCare, conduct obvious.

81.  By not taking such measures, Defendants County of Spokane and NaphCare are jointly and severally liable for the fatal damages caused to Plaintiff.

## CLAIM V
## WRONGFUL DEATH

82.  Plaintiff incorporates by reference the above facts and paragraphs as if fully asserted herein.

83.  Plaintiff brings this cause of action pursuant to RCW 4.20.010, RCW 4.20.020, RCW 4.20.046, and RCW 4.20.060, as a result of the wrongful death of Chris Rogers caused by the Defendants County of Spokane and NaphCare.

84.  The Estate of Chris Rogers, with Steven Rogers, the father of Chris Rogers, serving as the personal representatives of the Estate of Chris Rogers is the proper individual to bring this action.

85.  As a direct and proximate result of the negligence, wrongful acts and omissions of the Defendants County of Spokane and NaphCare,  as

COMPLAINT FOR DAMAGES - 20

stated herein and incorporated by reference above, the Plaintiff Estate of Chris Rogers maintains this action for the wrongful death of the Decedent Chris Rogers.

86. Prior to Decedent Chris Rogers' wrongful death, he suffered severe physical pain and suffering resulting in mortal injury.

87. Plaintiff seeks recovery for damages jointly and severally against the Defendants County of Spokane and NaphCare in an amount to be proven at the time of trial as a direct result of the wrongful death of Decedent Chris Rogers.

## CLAIM VI
## CIVIL RIGHTS CLAIM FOR CRUEL & UNUSUAL PUNISHMENT AND DENIAL, DELAY, AND WITHHOLDING OF MEDICAL CARE

88. Plaintiff incorporates by reference the above facts and paragraphs as if fully asserted herein.

89. 42 U.S. § 1983 and the Fourteenth Amendment to the U.S. Constitution protects pretrial detainees from punishment, and affords rights equal to or greater than afforded by the Eighth Amendment's right to be free from cruel and unusual punishment.

COMPLAINT FOR DAMAGES - 21

**ROBERTS | FREEBOURN, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

90.   Defendants Spokane County and NaphCare were deliberately and recklessly indifferent to Plaintiff's serious mental health issues, condition, and disorder in violation of Plaintiff's rights.

91.   The insufficient policies, procedures, practices, and training caused Plaintiff to be left without required medication and mental health and medical treatment resulting in Plaintiff's death.

92.   The acts and omissions by the employees of Defendant Spokane County and NaphCare were done in the course and scope of employment, and under the color of state law, making Defendant Spokane County and NaphCare liable for all resulting damages in an amount to be proven at the time of trial.

## CLAIM VII
## JOINT LIABILITY

93.   Plaintiff incorporates by reference the above facts and paragraphs as if fully asserted herein.

94.   Plaintiff is without fault that form the basis of this lawsuit, therefore the Defendants are jointly and severally liable to the Plaintiff for their conduct, their employees' conduct, and resulting damage in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 22

ROBERTS | FREEBOURN, PLLC
1325 W. 1ˢᵗ Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

## V.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff makes the following prayer for relief:

1.    For a judgment for general and special damages in an amount to be proven at the time of trial;

2.    For damages for pain and suffering preceding and occasioning the death of Plaintiff, including his knowledge and awareness of his impending doom;

3.    For the mental distress suffered by the Plaintiff's beneficiaries, and for the loss of love, care, affection, companionship, past and future, occasioned by Plaintiff's death.

4.    For funeral and burial expenses;

5.    An award of reasonable attorneys' fees and costs as provided by law;

6.    For punitive damages sufficient to punish Defendants for their wrongdoing and to deter future conduct;

7.    For pre-judgment and post-judgment interest;

8.    For such other and further relief as the Court deems just and proper.


//

//

COMPLAINT FOR DAMAGES - 23

ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

Dated this 21 day of December, 2020.

*/s/ Chad Freebourn*
CHAD H. FREEBOURN, WSBA #35624
ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
Telephone: (509) 381-5262
Attorneys for Plaintiff


*/s/ Josh Maurer*
JOSH MAURER, WSBA #39535
MAURER LAW
1604 W. Dean
Spokane, WA 99201
Telephone: 509-838-9111
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 24